UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHARLES J. BRUMMELER and AMANDA
BRUMMELER,

    Plaintiffs,

v.

TABBER JAMES BUSHY, et al.,

    Defendants.
_____/

Hon Janet T. Neff.

Case No. 1:14-cv-00866

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant In & Out LLC's Motion for Sanctions (Dkt. 46), which was joined by defendant Property Maintenance, Inc. (Dkt. 48). This report and recommendation is being submitted in accordance with *Bennett v. General Caster Services of N. Gordon Co., Inc.,* 976 F.2d 995 (6th Cir. 1992), which finds that a magistrate judge does not have authority under 28 U.S.C. § 636(b)(1)(A) to issue a final order for sanctions under Fed. R. Civ. P. 11.

Plaintiffs were previously represented by two different attorneys but are now proceeding without counsel. Former defendant Freddie Mac removed this case from the Mecosta County Circuit Court to this court pursuant to 12 U.S.C. § 1452(f). Plaintiffs voluntarily dismissed Freddie Mac and defendant Trott & Trott, P.C. (Dkt. 32). On March 12, 2015, the court granted plaintiff's second attorney, Jason M. Rop of Blakeslee Rop, PLC, permission to withdraw (Dkt. 34). The parties have stipulated that with the dismissal of Freddie Mac the court lacks jurisdiction and the case should be remanded

upon resolution of the pending motion for sanctions (Dkt. 46) to the Circuit Court for the County of Mecosta, Michigan (Dkt. 47).

Rule 11 provides that any person who signs a pleading or other paper certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims contained in the pleading are: 1) warranted by existing law or by a nonfrivolous argument for new or modified law; and 2) supported by the evidence or likely to be supported by evidence after discovery and investigation. Fed. R. Civ. P. 11. The court recognizes that Rule 11 may be applied to pro se parties. *Business Guides, Inc. v. Chromatic Communications Enter., Inc.,* 498 U.S. 533, 544-55 (1991); however, permitting something does not mean the same thing as requiring it.

Apparently, Freddie Mac never was a proper party to this suit and either plaintiffs or plaintiffs' attorney recognized this after a Rule 16 scheduling conference before the Hon. Janet T. Neff. Plaintiffs stipulated to dismiss Freddie Mac from the lawsuit, which is exactly the type of activity any court wishes litigants would engage in if it appears at any time that a claim against a particular party is not well grounded in law or fact. Would it have been preferable for the then represented plaintiffs to recognize that from the outset? Yes. However, the undersigned is not inclined to punish plaintiffs who have been represented by two different attorneys during the pendency of this litigation and charge them with actual or constructive knowledge that Freddie Mac was not a proper party.

The court also notes that this is not the type of "pro se" lawsuit where plaintiffs file a case and then do nothing. Plaintiffs' response to the motion for sanctions was

lengthy and thorough (Dkt. 49). Plaintiff's claims may have been misguided against Freddie Mac but their effort is clear.

Finally, it was not plaintiffs, nor their attorneys, who removed the case to this court. It was Freddie Mac. For all of these reasons, the court does not recommend the imposition of sanctions against the pro se plaintiff parties and recommends that defendant In & Out LLC's Motion for Sanctions (Dkt. 46) be denied.


Date:  August 18, 2015                              /s/ Ellen S. Carmody
                                                                         ELLEN S. CARMODY
                                                                         U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).